[No. 5002.]
[No. 2551 C. A.]

## SHERIDAN V. PATTERSON.

1. Evidence—Admitted Fact—Harmless Error.

Permitting plaintiff to testify to a fact which was admitted by defendant, if error, was harmless.

2. Evidence—Order of Proof.

Where plaintiff sued on a promissory note and defendant answered that he had paid a joint note of plaintiff and defendant, which he claimed as a set-off, and plaintiff replied averring a settlement in full between the parties, including the joint note, and that on settlement it was determined and agreed that the

amount due plaintiff from defendant was the same as the sum named in the note sued on, and defendant testified in his own behalf that plaintiff had in no way paid any part of the joint note claimed as a set-off, it was not improper for plaintiff's counsel on cross-examination to ask defendant if it was not included in the settlement averred in plaintiff's replication.

*Appeal from the District Court of Hinsdale County: Hon. Theron Stevens, Judge.*

Mr. H. C. Clay, for appellant.

Mr. G. D. Bardwell and Mr. Thomas F. Ashworth, for appellee.

Mr. Justice Campbell delivered the opinion of the court.

The action was upon a promissory note given by the defendant to the plaintiff. The complaint alleged its execution, delivery, maturity and nonpayment. In the answer was no denial of any of its averments, but defendant alleged that plaintiff and defendant had jointly given their promissory note for a certain sum which defendant had paid without assistance from plaintiff, and that one-half of the amount thereof should be set off against the sum due on defendant's note to the plaintiff. In plaintiff's replication was an admission of the execution of the joint note and an averment of a subsequent settlement in full of all claims and demands between the parties, including the joint note, and that upon such settlement a balance was struck and it was then ascertained and determined that the amount due the plaintiff from defendant was the same as the principal sum named in the note set up in the complaint and this note represents such balance.

The action was begun in the county court, where judgment was for plaintiff, and upon appeal to the district court the result of the trial there was the same.

We find no merit in the pending appeal by defendant. One of his objections is that the district court erred in allowing plaintiff to testify, over objection, that defendant had not paid the note declared upon in the complaint. The ground of the objection was that there was no claim by defendant that this note had been paid. Certainly, if error at all, it was harmless to permit plaintiff to testify to something which defendant admitted to be true.

Another objection is that the court should not have permitted plaintiff's counsel on cross-examination to ask defendant concerning the settlement set up in the replication. If it be true that the order of admitting evidence was irregular and that the question might have been delayed to a later stage of the trial, we think substantial justice was done. The defendant himself had previously testified in answer to a question by his own counsel that plaintiff had in no way paid any part of this joint note for which the defendant claimed a set-off. It certainly was not improper, then, for plaintiff to ask, as in substance he did, whether it was not included in a settlement which fixed as a balance due the plaintiff the amount for which defendant's individual note was given. The order of proof being so largely in the discretion of the court, we are satisfied that no abuse of judicial discretion was perpetrated.

The trial court found, and in this it is supported by evidence, and defendant himself so testified, that there was a settlement between the parties of all the claims and demands of each against the other. The defendant said that this settlement did not, while plaintiff said it did, include the joint note set up in the answer. Such being the situation which the record discloses, under the well established rule existing in this court that a judgment will not be set aside

merely because of a conflict in the evidence, we cannot set aside this judgment. It is accordingly affirmed.

*Affirmed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE STEELE concur.